UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT W. BARROCA, | No. C-12-4146 EMC (pr) |
| Petitioner, | |
| v. | **ORDER OF DISMISSAL** |
| LINDA SANDERS, Warden, | |
| Respondent. | |

## I. INTRODUCTION

Robert Barroca has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 to obtain relief with regard to an expired conviction that affects new criminal convictions and the sentences therefor. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts.

## II. BACKGROUND

Barroca provides the following information in his petition for writ of habeas corpus and attachments thereto. In 1989, he was convicted in Contra Costa County Superior Court of assault with a deadly weapon and was sentenced to "three years probation including 365 days in the county jail." Docket # 2, p. 8. In 1994, Barroca was indicted by federal authorities on charges of being a felon in possession of a firearm and drug charges related to manufacturing and distributing methamphetamine. *See United States v. Barroca*, Case No. CR 94-470 JW. He was convicted of the felon-in-possession charge in 1996 and sentenced to 120 months. He was convicted of the drug offenses in 2005 and sentenced to 240 months consecutive to the felon-in-possession sentence. He

1  alleges that his 1989 assault conviction was used as an element of the felon-in-possession offense
2  and used to increase the length of his sentences for the felon-in-possession and drug convictions.
3  Barroca currently is serving his federal sentences at the U.S. Penitentiary in Lompoc, California.

4     In his federal petition, Barroca alleges three challenges to the 1989 assault with a deadly
5  weapon conviction: (1) he is actually innocent of the offense, (2) he received ineffective assistance
6  from the attorney who represented him in that action, and (3) the evidence was insufficient to
7  support the conviction. Barroca allegedly presented these claims to the Contra Costa County
8  Superior Court, the California Court of Appeal and the California Supreme Court before filing his
9  federal petition. The state courts rejected his requests to set aside the 1989 conviction.

### III. DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. 28 U.S.C. §§ 2241(c), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. *Id.* A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of this court's subject matter jurisdiction and his petition is therefore properly dismissed. *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir.), *cert. denied*, 489 U.S. 1001 (1990). However, a petitioner challenging in habeas the validity of an expired conviction which he maintains is being used as a predicate or enhancement to his current confinement or sentence satisfies the custody requirement, even if he is no longer in custody for the prior conviction. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401-02 (2001). A challenge to an expired conviction that has been used to enhance a current sentence should be construed as an attack on the petitioner's current confinement or sentence. *See id.* Construing Barroca's habeas petition to be a challenge to the

current federal convictions/sentences would avoid the custody problem, but ultimately would not help him for the reason explained in the next paragraph.

"[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. . . . If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Coss*, 532 U.S. at 403-04; *see also Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (prior conviction cannot be challenged in a § 2255 motion). The only exception to the rule barring challenges to prior convictions used to enhance current sentences is that a petitioner might be able to challenge a prior conviction on the ground that there was a failure to appoint counsel in that case in violation of the Sixth Amendment. *Coss*, 532 U.S. at 404; *Daniels*, 532 U.S. at 383-84. Barroca was not denied counsel in the 1989 proceedings – indeed, one of his claims is that the attorney who did represent him provided ineffective assistance – and therefore does not fit within the narrow exception to non-reviewability identified in *Coss* and *Daniels*. Those cases therefore preclude consideration of his claims in a federal habeas proceeding.

Because construing the action as a challenge to his current federal convictions/sentences would not aid him, the court does not construe the petition to be a motion under 28 U.S.C. § 2255. The court therefore does not address the other problems that would be created if the petition was construed to be a motion under 28 U.S.C. § 2255, i.e., its apparent untimeliness and the fact that the court has already denied a § 2255 motion from Barroca challenging the current convictions and sentences. *See United States v. Barroca*, Case. No. CR 94-470 JW (docket # 875 (Order Dismissing Petitioner's Motion For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 With Prejudice; Denying Certificate of Appealability)).

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether

the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### IV. CONCLUSION

For the foregoing reasons, the petition is dismissed without leave to amend. The Clerk shall close the file.

IT IS SO ORDERED.

Dated: August 29, 2012

_____
EDWARD M. CHEN
United States District Judge

4