United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT W. BARROCA,

    Petitioner,

    v.

LINDA SANDERS, Warden,

    Respondent.

No. C-12-4146 EMC (pr)

**ORDER (1) GRANTING PETITIONER'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL; (2) DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT; AND (3) DENYING AS MOOT PETITIONER'S "MOTION TO EXCUSE PROCEDURAL DEFAULT; REQUEST FOR SUMMARY JUDGMENT"**

**(Docket Nos. 6, 8, 11)**

## I. INTRODUCTION

The Court issued an order of dismissal and entered judgment on August 29, 2012 in this *pro se* prisoner's habeas action. The matter now returns for the Court's attention to Robert Barroca's motion for relief from the judgment, "motion to excuse procedural default; request for summary judgment" and application to proceed *in forma pauperis* on appeal.

## II. BACKGROUND

Robert Barroca filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 to obtain relief with regard to an expired conviction that affects new criminal convictions and the sentences therefor. The Court dismissed the petition because Barroca is not in custody on the expired conviction, and declined to construe the petition as an attack on his current confinement or sentence because he had not alleged the one kind of claim (*i.e.*, a failure to appoint counsel in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963)) that the Supreme Court has held may be asserted in a

petition challenging the use of an expired conviction for sentence enhancement purposes. *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001); *Daniels v. United States*, 532 U.S. 374, 382-83 (2001). This Court then concluded:

> Because construing the action as a challenge to his current federal convictions/sentences would not aid [Barroca], the court does not construe the petition to be a motion under 28 U.S.C. § 2255. The court therefore does not address the other problems that would be created if the petition was construed to be a motion under 28 U.S.C. § 2255, i.e., its apparent untimeliness and the fact that the court has already denied a § 2255 motion from Barroca challenging the current convictions and sentences.

Docket # 4, p. 3.

Barroca has filed a Rule 60(b) motion, asking the Court to vacate the Order of Dismissal. He argues that *Coss* and *Daniels* recognized three exceptions to the non-reviewability of expired convictions, and that this Court erred in considering only whether he fit within the first such exception. For the reasons explained in the next section, various procedural rules require that Barroca's arguments and claims be pursued in a § 2255 motion in his federal criminal case rather than in this action. As the Order of Dismissal was not incorrect, the Court will deny the Rule 60(b) motion with directions as to what Barroca needs to do next if he wants to attempt to have federal court consideration of his claims.

### III. DISCUSSION

A. <u>Barroca's Claims Must Be Pursued In A § 2255 Motion, If They May Be Pursued At All</u>

*Coss* and *Daniels* were companion cases that considered the availability of habeas-type relief with regard to an expired conviction, with *Coss* deciding the question for state prisoners filing habeas petitions under 28 U.S.C. § 2254 and *Daniels* deciding the question for federal prisoners filing motions pursuant to 28 U.S.C. § 2255. *Coss* stated the rule:

> [W]e hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. See *Daniels, post*, at 382, 121 S. Ct. 1578. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Coss*, 532 U.S. at 403-04. *Coss* recognized an exception to this general rule: "[w]hen an otherwise qualified § 2254 petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, the current sentence cannot stand and habeas relief is appropriate." *Coss*, 532 U.S. at 404. *Daniels* recognized the same exception for federal prisoners filing a § 2255 motion. *See Daniels*, 532 U.S. at 382. Although both cases *held* that the only exception to non-reviewability of the expired conviction was for a *Gideon* violation, a plurality in both cases also noted the *possibility* that there may be two other exceptions. Justice O'Connor, writing for the plurality in *Coss,* explained:

> The general rule we have adopted here and in *Daniels* reflects the notion that a defendant properly bears the consequences of either forgoing otherwise available review of a conviction or failing to successfully demonstrate constitutional error. See *supra*, at 1574; *Daniels, post*, at 381–383, 121 S.Ct. 1578. It is not always the case, however, that a defendant can be faulted for failing to obtain timely review of a constitutional claim. For example, a state court may, without justification, refuse to rule on a constitutional claim that has been properly presented to it. Cf. 28 U.S.C. § 2244(d)(1)(B) (1994 ed., Supp. V) (tolling 1–year limitations period while petitioner is prevented from filing application by an "impediment ... created by State action in violation of the Constitution or laws of the United States"). Alternatively, after the time for direct or collateral review has expired, a defendant may obtain compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner. Cf. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); 28 U.S.C. § 2244(b)(2)(B) (1994 ed., Supp. V) (allowing a second or successive habeas corpus application if "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and ... the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense").
>
> In such situations, a habeas petition directed at the enhanced sentence may effectively be the first and only forum available for review of the prior conviction. As in *Daniels*, this case does not require us to determine whether, or under what precise circumstances, a petitioner might be able to use a § 2254 petition in this manner.
>
> Whatever such a petitioner must show to be eligible for review, the challenged prior conviction must have adversely affected the sentence that is the subject of the habeas petition.

3

*Coss*, 532 U.S. at 405-06.  In short, what exists is a Supreme Court plurality recognizing a possibility that the rule barring challenges to expired prior convictions used to enhance current sentences may have exceptions allowing for review of claims that went unresolved due to an unjustified state court refusal to consider them and some actual innocence claims.

The last two paragraphs of the block quote above from *Coss* strongly suggest that, if those two exceptions are going to be recognized, they will be recognized in the context of a petition challenging a new conviction or sentence that made use of the expired conviction.  Neither *Coss* nor *Daniels* suggests that either of those exceptions allow the petitioner to challenge the expired conviction directly.  The only possibility that either of those exceptions might apply to Barroca is in the context of a § 2255 motion challenging his federal conviction and sentence as enhanced by the expired state court conviction.  He cannot file a habeas petition under § 2254 directly challenging the expired state court conviction, and his argument to the contrary is rejected.

B.     Barroca Must Take Steps To Have His Claims Added To His Existing § 2255 Motion

The Court will not construe Barroca's § 2254 petition to be a § 2255 motion because of two special circumstances.  The first circumstance is that Barroca has filed one § 2255 motion, and is not free to simply file another one.  A person wishing to challenge a federal sentence may not file multiple § 2255 motions.  *See* 28 U.S.C. §§ 2244, 2255(h).  Just as Barroca may not file multiple § 2255 motions, the Court cannot create multiple § 2255 motions for him to negate the rules against second and successive petitions.  The other complicating circumstance is that Barroca's first § 2255 motion has not yet reached finality because it is on appeal in the Ninth Circuit.[1]  When the Ninth Circuit has jurisdiction over a case, the district court does not.  *See Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004).  Due to the rule that a petitioner generally may not file multiple § 2255 motions, Barroca will need to file a motion to amend the existing § 2255 motion in his criminal case.

---

[1] The district court dismissed the § 2255 motion as untimely and denied a certificate of appealability.  *See* Docket # 875 in *United State v. Barroca*, No. CR 94-470 JW.  Barroca filed a notice of appeal from that decision.  *See* Docket # 877 in *United States v. Barroca*, No. CR 94-470 JW.  The action is currently pending in the Ninth Circuit, awaiting that court's decision as to whether to grant a certificate of appealability and permit the appeal to proceed.  *United States v. Barroca,* Ninth Circuit Case No. 12-15168; *see also* Docket # 879 in *United States v. Barroca*, No. CR 94-470 JW.

A motion to amend is necessary because he already amended the § 2255 motion once. *See generally* Fed. R. Civ. P. 15(a)(2); *cf. Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008) (where a new *pro se* habeas petition is filed before the adjudication of a prior petition is complete in the district court, the new petition should be construed as a motion to amend the pending petition rather than as a successive application). However, the district court cannot at this moment entertain a motion to amend the § 2255 motion because of the pending appeal.

There is a way to proceed for a petitioner who wants to amend a petition that is already on appeal. "[O]nce judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60" of the Federal Rules of Civil Procedure. *See Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996). This is a high hurdle to overcome, as judgment is not properly reopened "'absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Weeks v. Bayer*, 246 F.3d 1231, 1236-37 (9th Cir. 2001) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Therefore, Barroca must file a Rule 60 motion in the criminal case to get the criminal case reopened so that the district court can consider a motion to amend that he also must file in the criminal case.[2]

There are additional steps that first must be taken because the pending appeal on the § 2255 motion in Barroca's criminal case has divested the district court of jurisdiction. When a petitioner wants to file a Rule 60(b) motion in a case already on appeal, the petitioner may request the district court to indicate whether it would entertain such a motion. *See Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004). "To seek Rule 60(b) relief during the pendency of an appeal, "'the proper

---

[2] Although the § 2255 motion was filed in a criminal case, the Federal Rules of Civil Procedure apply to it. *See* Rule 12 of Rules Governing Section 2255 Proceedings For the United States District Courts; *cf. United States v. Washington*, 653 F.3d 1057, 1059-60 (9th Cir. 2011) (discussing use of Rule 60 in Section 2255 cases).

The time for filing a Rule 59 motion has passed, so Barroca would have to proceed, if at all, under Rule 60. The Rule 60 motion described in the text is different from the Rule 60 motion that prompted this order. The Rule 60 motion that Barroca must file is to set aside the judgment on the § 2255 motion in his criminal case, Case No. CR 94-470 JW. It is *not* a motion directed at setting aside the dismissal of his habeas petition in this action, Case No. C 12-4146 EMC.

5

procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move this court, if appropriate, for remand of the case."'" *Id.* (citations omitted). If this procedure is not observed, the district court lacks jurisdiction to consider the Rule 60(b) motion. *See id.*

The procedure described in *Williams* is an appropriate course of action for Barroca's situation. That is, the first step for Barroca is to file a motion in his criminal case asking the district court whether it will entertain a Rule 60(b) motion that seeks to add claims to the existing § 2255 motion. If the district court indicates it will entertain or grant a Rule 60(b) motion, then Barroca will need to take the second step and apply to the Ninth Circuit for a remand of the criminal case so that the district court may consider his Rule 60(b) motion in the criminal case. Barroca is urged to *act swiftly* to file those motions (*i.e.*, the motion asking if the court will entertain a Rule 60(b) motion and the Rule 60(b) motion) to avoid a much greater hurdle that will exist if the Ninth Circuit resolves his appeal before he gets a chance to seek a remand. Barroca also is cautioned that the motions must be filed in his criminal case and not in this case.

C. <u>The Order Of Dismissal Will Not Be Set Aside</u>

This Court did not err in dismissing Barroca's petition for writ of habeas corpus under 28 U.S.C. § 2254 that sought to challenge the expired conviction. He cannot pursue the claims in a § 2254 petition. A motion under 28 U.S.C. § 2255 is the appropriate vehicle for Barroca to raise his claims. However, this Court cannot simply construe his § 2254 petition to be a § 2255 motion because his first § 2255 motion is on appeal. Barroca must take the several steps described in this order before the district court can consider whether to allow him to amend his existing § 2255 motion to raise his claims. Only then will it be appropriate for the district court to decide whether the two possible exceptions to the non-reviewability noted in *Coss* and *Daniels* should be recognized and applied to Barroca's claims. This Court did not err in dismissing this action in which Barroca was attempting to directly challenge the expired conviction from state court. Barroca's motion for relief from the judgment is **DENIED**. (Docket # 8.)

D. <u>Other Motions</u>

In light of the dismissal of this action, Barroca's "motion to excuse procedural default; request for summary judgment" is **DENIED** as moot. (Docket # 6.)

Barroca's application to proceed *in forma pauperis* on appeal is **GRANTED**. (Docket # 11.)

E. <u>A Certificate Of Appealability Will Not Issue</u>

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural [rulings]" in the Order Of Dismissal or in this order. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The denial of the certificate of appealability is without prejudice to petitioner seeking a certificate from the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated: October 29, 2012

_____
EDWARD M. CHEN
United States District Judge